IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DWAYNE E. JONES,                                    CV 07-78-MA

        Petitioner,                          OPINION AND ORDER

  v.

CHARLES DANIELS, Warden, FCI-
Sheridan,

        Respondent.


    STEPHEN R. SADY
    Chief Deputy Federal Public Defender
    101 SW Main Street, Suit 1700
    Portland, OR  97204

        Attorney for Petitioner

    KARIN J. IMMERGUT
    United States Attorney
    SCOTT ERIK ASPHAUG
    Assistant United States Attorney
    United States Attorney's Office
    District of Oregon
    1000 SW Third Avenue, Suite 600
    Portland, OR  97204-2902

        Attorneys for Respondent

MARSH, Judge:

    Petitioner, an inmate in the custody of the Federal Bureau of Prisons (BOP), currently housed at the Federal Correctional Institution (FCI) Sheridan, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2241.


1- OPINION AND ORDER

In May 2006 defendant was convicted of Assault with a Deadly Weapon Within Indian Country, in violatino of 18 U.S.C. §§ 113(a)(3) and 1153. He was sentenced to 46 months imprisonment, 3 years of supervised release, and ordered to pay restitution in the amount of $30,000. The sentencing order included a "schedule of payments" page, which provided that the entire restitution amount was due immediately, and that "Defendant shall submit nominal payments of not less than $25 per quarter while incarcerated [,] through the Inmate Financial Responsibilty Program."

Petitioner did not pay any restitution prior to the commencement of his sentence. When he arrived at FCI Sheridan, the BOP set a restitution repayment schedule for petitioner, under the BOP's Inmate Financial Responsibility Program (IFRP). *See* 28 C.F.R. § 545.10, et seq. Under the IFRP, the BOP encourages sentenced inmates to voluntarily fulfill their legitimate financial obligations by offering incentives to inmates who comply with the provisions of their financial plan. *See* 28 C.F.R. § 545.10. BOP staff develop a financial plan for each inmate, based on the inmate's ability to pay. Incentives for compliance are listed in the IFRP Program Statement, 28 C.F.R. § 545.11, couched in terms of the consequences of not

2- OPINION AND ORDER

complying:

    (1) Where applicable, the Parole Commission will be notified of an inmate's failure to participate;

    (2) The inmate will not receive any furlough (other than possibly an emergency or medical furlough);

    (3) The inmate will not receive performance pay above the maintenance pay level, or bonus pay, or vacation pay;

    (4) The inmate will not be assigned to any work detail outside the secure perimeter of the facility;

    (5) The inmate will not be placed in UNICOR. Any inmate assigned to UNICOR who fails to make adequate progress on his/her financial plan will be removed from UNICOR, and once removed, may not be placed on a UNICOR waiting list for six months. Any exception to this requires approval from the Warden;

    (6) The inmate shall be subject to a monthly commissary spending limitation more stringent than those for all inmates. This more stringent commissary spending limitation for IFRP refuse status inmates shall be at least $25 per month, excluding purchases of stamps, telephone credits, and, if the inmate is a common fare participant, Kosher/Halal certified shelf-stable entrees to the extent that such purchases are allowable under pertinent Bureau regulations;

    (7) The inmate will be quartered in the lowest housing status (dormitory, double bunking, etc.);

    (8) The inmate will not be placed in a community-based program;

    (9) The inmate will not receive a release gratuity unless approved by the Warden;

                             ***

    (11) The inmate will not receive an incentive for participation in residential drug treatment programs; and

    (12) The inmate's score on "Responsibility" on the Custody Classification form (BP-338) is to be zero.

3- OPINION AND ORDER

The Constitutionality of the IFRP is not at issue here. Notably, several circuits have upheld the program against constitutional due process challenges. *See generally Weinberger v. United States*, 268 F. 3d 346, 360 (6th Cir. 2001); *United States v. Gomez*, 24 F. 3d 924, 927 (7th Cir. 1994); *United States v. Williams*, 996 F. 2d 231, 234 (10th Cir. 1993); *Dorman v. Thornburgh*, 955 F. 2d 57, 58-59 (D.C. Cir. 1992); *Johnpoll v. Thornburgh*, 898 F. 2d 849, 851 (2d Cir. 1990); *James v. Quinlan*, 866 F. 2d 627, 629 (3rd Cir. 1989). Instead, petitioner challenges the BOP's authority to include a restitution repayment schedule in his IFRP, under which he is currently paying $25 per quarter.

According to petitioner, the BOP lacks authority to set a restitution schedule for him because the sentencing court did not provide, in its restitution order, a schedule for repayment during imprisonment, and the sentencing court cannot delegate to the BOP the responsibility of establishing a payment schedule for restitution imposed under the Mandatory Victim's Restitution Act (MVRA).

In response to this petition, respondent agreed to cease collecting restitution payments from petitioner, and to identify him as "IFRP exempt", so petitioner will not suffer the consequences of "IFRP refuse status". Nevertheless, according to petitioner, "the BOP has not ceased collection activities and

4- OPINION AND ORDER

continues to require IFRP participation.  Assuming that the BOP has not ceased collection of restitution payments from petitioner, there remains a live case or controversy for this court to resolve.

As petitioner correctly notes, in *Soroka v. Daniels*, 467 F. Supp. 2d 1097 (D. Or. 2006), I recently granted a writ of habeas corpus to a petitioner facing similar circumstances.  I held that the BOP did not have the authority to set a restitution repayment schedule for that petitioner because the sentencing court in his case did not specify whether repayment should commence while petitioner was incarcerated, and if so, what the terms of repayment should be.  My decision in *Soroka* was based on the twin cases of *United States v. Gunning*, 339 F. 3d 948 (9th Cir. 203)(Gunning I), and *United States v. Gunning*, 401 F. 3d 1145 (9th Cir. 2005)(Gunning II), in which the Ninth Circuit held in no uncertain terms that only the sentencing court has the authority to set a schedule for restitution payment during petitioner's incarceration, and the court may not delegate that authority to the Probation Office (*Gunning I*) or the BOP (*Gunning II*).

In this case, where the sentencing court did not set a schedule for restitution during petitioner's incarceration period, the BOP is not authorized to collect restitution payments from petitioner until, and unless, the sentencing court amends

5- OPINION AND ORDER

its restitution order. Accordingly, the BOP's action in doing so is not in accordance with law and must be discontinued. *See* 5 U.S.C. § 706(2)(a)(agency actions will be upheld unless they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.").

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#2) is GRANTED, and the BOP is ordered to place petitioner in "IRFP exempt" status.

IT IS SO ORDERED.

DATED this _2_ day of July, 2007.

                                           /s/   Malcolm F. Marsh
                                           Malcolm F. Marsh
                                           United States District Judge